ORIGINAL

FILED IN CLERK'S OFFICE

SEP 23 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAROL GIBSON,<br><br>Plaintiff,<br><br>v.<br><br>JASON ALLEN POWELL,<br>EDWARD LAWSON LEE and U.S.<br>XPRESS ENTERPRISES, INC.,<br><br>Defendants. | Civil Action File<br><br>No. 1 05-CV 2479 |

## ANSWER OF U.S. XPRESS ENTERPRISES, INC.

**COMES NOW** U.S. Xpress Enterprises, Inc., named as a Defendant in the above-styled action and reserving all its objections and defenses to jurisdiction and venue, by counsel, and answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

This Defendant answers the specific allegations contained in Plaintiff's Complaint as follows:

1. The allegations in Paragraph 1 are not directed to this Defendant and, therefore, are neither admitted nor denied. This Defendant further says, however, that Plaintiff has executed a "Limited Release" whereby she has released, remised

167506 1

and forever discharged Defendant Powell, among others, of and from any and all claims, demands, rights and causes of action of whatsoever kind and nature and any and all claims for bodily and personal injuries, damages to property and any and all claims for exemplary and punitive damages arising out of the motor vehicle accident that is the subject of this civil action. Further, Plaintiff has specifically agreed that pursuant to the "Limited Release" she is prevented "from enforcing any judgment against the personal assets of . . . Jason Powell" (see copy of "Limited Release" attached to this Defendant's Notice of Removal previously filed with the Court). This Defendant avers, therefore, that Defendant Powell must be dismissed with prejudice and that this Court has diversity of citizenship jurisdiction in this action pursuant to 28 U.S.C. § 1332 and that the action has been properly removed to this Court pursuant to 28 U.S.C. § 1441.

2. Responding to Paragraph 2, Defendant says that the proper and legal name of Defendant "Edward Lawson Lee" is "Lee Edward Lawson," and this Defendant admits the remaining allegations of Paragraph 2 although not directed against it.

3. This Defendant admits the allegations in Paragraph 3, except that it denies the allegation that "venue is proper in Henry County, Georgia" inasmuch as

the Complaint was originally filed in Clayton County, Georgia before the action was removed to this Court

4. Defendant admits the allegations in Paragraph 4, except that it is without knowledge or information sufficient to form a belief as to whether Plaintiff was driving "in a safe and prudent manner" at the time and place alleged and, therefore, demands strict proof thereof.

5. Defendant admits the allegations in Paragraph 5, except that it denies that it was the owner of the tractor-trailer being driven by "Defendant Lee," whose proper name is "Lee Edward Lawson."

6. The allegations in Paragraph 6 are denied. For further explanation, this Defendant says that Lee Edward Lawson was an employee of U.S. Xpress, Inc. at all times relevant hereto and that U.S. Xpress, Inc. is a federally-licensed motor carrier and a wholly-owned subsidiary of U.S. Xpress Enterprises, Inc. Defendant further says that it should be dismissed and that U.S. Xpress, Inc. should be substituted as a Defendant in its place and stead.

7. Each and every allegation in Paragraph 7 is denied, placed in issue, and strict proof thereof is hereby demanded. Defendant further incorporates by reference herein as fully and completely as if restated verbatim its response to Paragraph 6 set forth hereinabove.

8. Each and every allegation in Paragraph 8 is denied, placed in issue, and strict proof thereof is hereby demanded.

9. Each and every allegation in Paragraph 9 directed against "Defendant Lee," whose proper and legal name is "Lee Edward Lawson," and each and every allegation directed against this Defendant expressly or by implication, is specifically denied, placed in issue, and strict proof thereof is hereby demanded.

10. All allegations in Paragraph 10 intended to be directed against this Defendant and/or "Defendant Lee," whose proper and legal name is "Lee Edward Lawson," are specifically denied, placed in issue, and strict proof thereof is hereby demanded. This Defendant is further without specific knowledge of the medical expenses, damages, injuries and losses alleged by Plaintiff and, therefore, places same at issue herein and demands strict proof thereof.

11. Each and every allegation in Paragraph 11 directed against this Defendant and/or "Defendant Lee," whose proper and legal name is "Lee Edward Lawson," is specifically denied, placed in issue, and strict proof thereof is hereby demanded.

12. Each and every allegation in Paragraph 12 is denied, placed in issue, and strict proof thereof is hereby demanded.

13. All allegations of the Complaint directed against this Defendant and/or "Defendant Lee," whose proper and legal name is "Lee Edward Lawson," not hereinabove specifically admitted, explained or denied are hereby generally denied the same as if specifically denied.

14. Responding to Plaintiff's prayer for relief wherein she seeks a judgment against Defendants, jointly and severally, "for exemplary and punitive damages due to gross negligence," this Defendant denies that either it or "Defendant Lee," whose proper name is "Lee Edward Lawson," may be held liable to Plaintiff for exemplary or punitive damages in any amount.

15. This Defendant specifically denies that Plaintiff is entitled to any of the relief prayed for in her Complaint against it.

### **SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim against this Defendant upon which any relief can be granted. This Defendant is merely the parent corporation of U.S. Xpress, Inc., a federally-licensed motor carrier that was the employer of Lee Edward Lawson at all times relevant hereto, and this Defendant is entitled to be dismissed from this action as a matter of law

## THIRD DEFENSE

If supported by the facts and evidence adduced during discovery, this Defendant reserves the right to show that Plaintiff's injuries and damages were caused in whole or in part by her own negligence and that her action, therefore, is barred in whole or in part pursuant to the doctrine of comparative fault under the applicable law.

## FOURTH DEFENSE

This Defendant alleges that the subject motor vehicle accident and Plaintiff's resulting injuries and damages were proximately caused solely by the negligence, gross negligence and other tortuous conduct of Defendant Powell and for which this Defendant may not be held legally liable.

## FIFTH DEFENSE

If supported by the facts and evidence adduced during discovery, this Defendant reserves the right to show that Plaintiff has unreasonably failed to mitigate her damages.

## SIXTH DEFENSE

As to Plaintiff's claim for exemplary and punitive damages against this Defendant and/or "Defendant Lee," whose proper and legal name is "Lee Edward Lawson," this Defendant further avers the following additional defenses:

(a) The allegations of the Complaint requesting punitive damages are not warranted by existing law or filed in good faith for the extension, modification or reversal of existing law;

(b) Any award of punitive damages would be unconstitutional because the standards utilized to allow the imposition of punitive damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibited conduct. Any award of punitive damages as claimed by the Plaintiff against this Defendant or Lee Edward Lawson would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

(i) The procedures fail to provide an adequate means for awarding separate judgments against alleged tort-feasors;

(ii) The procedures fail to provide a specific limit on the amount of any punitive damages that may be awarded;

(iii) The procedures fail to provide adequate specific standards for the award of punitive damages;

(iv) The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

(v) The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages;

(vi) The standards of conduct upon which punitive damages are sought are vague.

Plaintiff's claims for punitive damages, therefore, against this Defendant and/or "Defendant Lee," whose proper and legal name is "Lee Edward Lawson," must be dismissed as a matter of law and stricken from the Complaint.

This Defendant hereby specifically reserves the right to amend its Answer if additional defenses or responses should become available at any time hereafter.

AND NOW HAVING ANSWERED insofar as it is at this time advised, this Defendant prays to be dismissed with costs, for such other and further general relief as the Court deems proper and for a jury to determine the issues when joined.

This the 23rd day of September, 2005.

                                    **NALL & MILLER, LLP**

By: *[signature]*
            **MICHAEL D. HOSTETTER**
            Georgia Bar No. 368420
            235 Peachtree Street, N.E., Suite 1500
            Atlanta, GA  30303
            Phone:  404/522-2200
            Fax:     404/522-2208

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CAROL GIBSON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JASON ALLEN POWELL,**<br>**EDWARD LAWSON LEE and**<br>**U.S. XPRESS ENTERPRISES, INC.**<br><br>**Defendants.** | CIVIL ACTION FILE<br><br>NO.: _____ |

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document was prepared in Times New Roman 14 point font, one of the fonts allowed by Local Rule 5.1(C), and that I have this day served a copy of the foregoing document upon counsel for the parties in this matter by placing a true and correct copy in the United States Mail with sufficient postage affixed thereon, addressed as follows:

> Robert B. Lipman, Esq.
> R. Alex Ficker, Esq.
> Robert B. Lipman, P.C.
> 229 Peachtree St., NE
> Suite 2450, International Tower
> Atlanta, Georgia 30303

This 23rd day of September, 2005.

_____
**MICHAEL D. HOSTETTER**
Georgia Bar No. 368420

**NALL& MILLER, LLP**
235 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30303
Phone· 404/522-2200
Fax: 404/522-2208
email: mhostetter@nallmiller.com